# IN THE COURT OF APPEALS OF IOWA

————————

No. 24-1613
Filed January 28, 2026

————————

**State of Iowa,**
Plaintiff–Appellee,
v.
**Daniel George Jannusch,**
Defendant–Appellant.

————————

Appeal from the Iowa District Court for Lee (North) County,
The Honorable Shane M. Wiley, Judge.

————————

**AFFIRMED**

————————

Martha J. Lucey, State Appellate Defender, and Shellie L. Knipfer,
Assistant Appellate Defender, attorneys for appellant.

Brenna Bird, Attorney General, and Martha E. Trout,
Assistant Attorney General, attorneys for appellee.

————————

Considered without oral argument
by Tabor, C.J., Sandy, J., and Bower, S.J.
Opinion by Bower, S.J.

**BOWER, Senior Judge.**

The State charged Daniel Jannusch with one count of second-degree sexual abuse and one count of incest following an act of sexual abuse perpetrated against his then-ten-year-old daughter. *See* Iowa Code §§ 709.1(3), 709.3(1)(b), 726.2 (2023). Following trial, the jury found Jannusch guilty as charged. The district court sentenced Jannusch to terms of imprisonment of twenty-five years on the sexual-abuse conviction and five years on the incest conviction and ordered the sentences to run consecutively. On appeal, Jannusch claims the court abused its discretion by deciding to impose consecutive sentences for two convictions arising from the same incident and by declining to consider what Jannusch describes as "his numerous mitigating factors." *See State v. Headley*, 926 N.W.2d 545, 549 (Iowa 2019) (setting forth the standard of review "when the sentence challenged was within the statutory limits").

At the sentencing hearing, the court explained its sentencing decision as follows:

> The court has considered all of the sentencing provisions provided for in Iowa Code Chapters 901, 902 and 907. The following sentence is based on my judgment of what will provide maximum opportunity for your rehabilitation, and at the same time protect the community from further offenses that you may commit.
>
> The court has specifically considered the following factors. Your age, you appear to be 39 years of age. The fact that you are a high school graduate. The fact that you do have a military record. The court considers that you have absolutely no prior criminal record. The court considers your employment and family circumstances. You are pretty consistently employed over the years and had a good job. Your family circumstances, based on reviewing the presentence investigation report and just observations made during your trial, you certainly do have family support. It appears you came from a big family and have several siblings, and furthermore, of course, have children of your own.

The court considers the nature of the offense committed and harm to the victim. There is really—a real harm to a victim in this case. We do have a minor child, that minor child being your daughter, who will forever live with this. This isn't the type of thing that goes away. So there's definite harm to that victim. It will affect her mentally for the rest of her life without question.

The court considers your need for rehabilitation and potential for rehabilitation.

The court considers all of the factors set forth in the presentence investigation.

. . . .

So as the attorneys indicated, Mr. Jannusch, basically what I have to decide today is if I'm running these sentences concurrently or consecutively. I put quite a bit of thought into that. Regarding my thought in terms of if they should run concurrently, I've considered the fact that you have no prior criminal history. I've considered that you—well, that the offense committed basically came out of the same act.

But on the flip side of that, I've considered whether I should run these consecutively.

And I am going to run these sentences consecutively.

The reason why is this involves your daughter. And if a child should be able to count on anyone to look after their wellbeing, it should be their mom and their dad. And in this case, your child—a young child—could not count on her dad, and because of her dad, she's a victim, and she'll forever be a victim.

So I am running these sentences consecutively. And just to be abundantly clear: I'm running those consecutively. There's a trust that should exist between a daughter and her father, and you broke that trust. And because you broke that trust, your daughter is probably going to forever have problems just in terms of normal family life, and who she can trust in life. So that's why I'm running these sentences consecutively.

Iowa Rule of Criminal Procedure 2.23 requires the sentencing court to "particularly state the reason for imposition of any consecutive sentence."

Iowa R. Crim. P. 2.23(2)(g). The purpose of this rule is to ensure defendants are "aware of the consequences of their criminal actions" as well as to facilitate appellate review. *State v. Hill*, 878 N.W.2d 269, 273 (Iowa 2016) (citation omitted). The court's explanation need not be detailed so long as it satisfies these goals. *See State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015). Nonetheless, the grounds for a consecutive sentence must be "explicitly state[d]." *Hill*, 878 N.W.2d at 274–75 (requiring the court to give adequate reasons on the record to explain its exercise of discretion—including the decision to impose consecutive sentences).

Here, as the court stated, because Jannusch was convicted of forcible felonies, it was required to impose indeterminate prison terms, and its discretion was limited to whether the sentences would run concurrently or consecutively. *See* Iowa Code §§ 907.3 (preventing the court from granting a suspended sentence for a forcible felony), 901.8 (authorizing consecutive sentences "[i]f a person is sentenced for two or more separate offenses"); *State v. Withers*, No. 24-0661, 2025 WL 3165640, at *9 (Iowa Ct. App. Nov. 13, 2025) (noting the defendant's "commission of separate offenses was a statutorily proper basis for consecutive sentences").

So we turn to the reasoning the court provided for its decision. It is clear the "numerous mitigating factors" relied on by Jannusch were before the court. Specifically, the court noted Jannusch's age, employment, military record, family support, and lack of criminal history. The court also noted the non-independent nature of the second offense. *See State v. Hivento*, No. 24-0590, 2025 WL 3165582, at *2 (Iowa Ct. App. Nov. 13, 2025) (noting "a separate conviction is the legal prerequisite for a consecutive sentence, [but] not an automatic reason to impose one"). Although Jannusch points out that the court did not expressly consider a "victim statement or expert

4

testimony" about the impact of Jannusch's acts upon his daughter, the court was not required to specifically address each challenge raised by Jannusch in providing its reasoning. *See State v. Krysl*, No. 24-0634, 2025 WL 1704204, at *3 (Iowa Ct. App. June 18, 2025). In sum, because the district court properly considered and explained the appropriate factors relevant to imposing consecutive sentences, we find no abuse of discretion.

We affirm Jannusch's convictions and sentence.

**AFFIRMED.**